UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. JACKSON,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.<br><br>Respondent. | NO. CV 13-8779-MWF (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner understandably argues that Detective Henson's actions "has to raise an eyebrow or two." (Obj. at 2.) No one disputes that Henson's actions were indefensible, not only in Petitioner's case but also in other cases before he resigned in May 2010. (Report at 9-12 (describing evidentiary hearing in superior court).) Petitioner attended the hearing and was well aware of Detective

Henson's actions when he decided to plead no contest. (LD 65-1 at 8-9.) A plea of no contest is the equivalent of a guilty plea under California law. Cal. Penal Code § 1016(3). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When a criminal defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 771 (1970)]." *Tollett*, 411 U.S. at 267. "Thus, while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Id.*; *Rishor v. Ferguson*, 822 F.3d 482, 501 (9th Cir. 2016).

Petitioner's objections do not address the Report's rejection of his ineffective assistance of counsel claim.[1] Defense filed a motion for dismissal of the charges based on Detective Henson's misconduct. (Report at 9-12.) After the trial court denied the motion on September 12, 2010, Petitioner faced seven counts and, if convicted, faced a maximum exposure of 30 years, multiple strikes, registration as a sex offender and the possibility of being evaluated for commitment as a sexually violent predator. (*Id.* at 21-22.) Two days later, Petitioner rejected a plea offer of eight years against the advice of his counsel after the jury was sworn on September 14. (*Id.* at 15.) Counsel made opening statements and Ms. Herrera, the victim, took the stand for direct examination. The next day, September 15, Petitioner accepted a reduced plea offer of six years with credit for 732 days in custody and with only a single strike, no sex

---

[1] Petitioner's ineffective assistance of counsel claim is not barred by *Tollett*. *See Mahrt v. Beard*, 849 F.3d 1164, 1171 (9th Cir. 2017).

2

1 | offense and no requirement to register as a sex offender.  (*Id.* at 15, 22.)

In his objections, Petitioner appears to raise a new ground for relief based on a violation of his Fourth Amendment rights when Detective Henson searched his phone without a search warrant.  Federal habeas review of this ground, which does not appear to be exhausted, is barred by *Tollett* and *Stone v. Powell*, 428 U.S. 465 (1976).

Petitioner's remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: March 21, 2018

MICHAEL W. FITZGERALD
United States District Judge